Alma L. HALL, Plaintiff-Appellant,

v.

Carlyle HALL, et ux., Defendants–Appellees.

Court of Appeals of Tennessee, Western Section, at Nashville.

July 20, 1988.

Application for Permission to Appeal Denied by Supreme Court Oct. 17, 1988.

Mose J. Davie, Nashville, for plaintiff-appellant.

Jack Norman, Jr., Nashville, for defendants-appellees.

CRAWFORD, Judge.

Plaintiff, Alma L. Hall, appeals from the order of the trial court dismissing her complaint for failure to state a claim upon which relief can be granted.

Plaintiff sues Carlyle Hall and wife, Lena M. Hall, and alleges in her complaint that plaintiff and Carlyle Hall were lawfully married in Wayne County, Michigan on or about February 5, 1944. Shortly thereafter they moved to Nashville where they lived as husband and wife until the latter part of 1954 when the defendant, Carlyle Hall, left their residence, and from that day on lived separate and apart from the plaintiff. Plaintiff avers that she learned on or about August 8, 1987, that Carlyle Hall had obtained a divorce from her in January, 1955, in the Jefferson Circuit Court, Chancery Branch, Second Division of the Commonwealth of Kentucky. Plaintiff alleges that she never received any notice or service of process of the divorce proceeding in Kentucky, and that the defendant Carlyle Hall fraudulently obtained the divorce by committing perjury concerning his residence in Louisville, Kentucky and his lack of knowledge concerning plaintiff's whereabouts. The complaint recites that in addition to the granting of the divorce, the divorce judgment provided:

IT IS FURTHER CONSIDERED AND ADJUDGED BY THE COURT THAT each party shall restore to the other such property not disposed of at the commencement of this action as either may have obtained directly or indirectly from or through the other during marriage, in consideration or by reason thereof. (A certified copy of the said judgment is attached hereto as Exhibit # 4, but same need not be copied).

Plaintiff avers that she never received any "division" of marital property in accordance with the judgment of the Jefferson Circuit Court and that Carlyle Hall, along with his present wife, defendant Lena M. Hall, are in possession of certain properties accumulated by plaintiff and Carlyle Hall during their marriage. The complaint prays that the court order an accounting showing the property that defendant had at the time he obtained the divorce, what disposition has been made of such property since that time and that the plaintiff be awarded damages, including a division of the properties.

The defendants, Carlyle Hall, and wife Lena Hall, answered the complaint and admit that Carlyle Hall was awarded a divorce in Jefferson County, Kentucky, but deny that it was obtained by fraud and rely upon the authenticity of the divorce record in the Jefferson County, Kentucky court filed with complaint. The answer specifically denies that there was any property, either personal or real, to be divided between the parties, and avers that there was a division of property between the parties prior to the time that he had obtained the divorce. The defendants deny that they are in possession of any property owned by either defendant Carlyle Hall or plaintiff Alma Hall at the time of the divorce between these parties.

In answer to interrogatories filed by plaintiff, defendants stated that neither Carlyle Hall nor Lena Hall owned any real property during the years 1954 and 1955, and that there is no way they can recall the extent of personal property that they each owned at that time. The defendants filed a motion for summary judgment, primarily on the grounds that plaintiff's cause of action is barred by the statute of limitations, and on the grounds of estoppel.

Although defendants moved for summary judgment, the trial court ruled that the complaint fails to state a claim upon which relief can be granted, as set out in its memorandum opinion, which we quote:

> This suit arises out of a 1955 Kentucky divorce judgment and is before the Court upon the defendants' motion for summary judgment.
>
> The plaintiff and the defendant, Carlyle Hall, married in 1944. In 1955, the defendant obtained a divorce from the plaintiff in Louisville. The judgment contains the following language:
>
> "IT IS FURTHER CONSIDERED AND ADJUDGED BY THE COURT THAT each party shall restore to the other such property not disposed of at the commencement of this action as either may have obtained directly or indirectly from or through the other during marriage...."
>
> The plaintiff has filed suit in this Court. Though she asserts grounds which would void the Kentucky judgment, the relief she requests is enforcement of that judgment. She seeks a declaration of her interest in the parties' "marital property" and an accounting showing the disposition of property in the defendant's possession at the time of the 1955 divorce. She has also sued the defendant's present wife.
>
> The Court concludes that the complaint does not state a cause of action. In the first place, the complaint does not describe any property. It only refers to "certain properties accumulated by the parties during their marriage." The defendant cannot reasonably be expected to respond to such vague claims, especially when it deals with property the parties may have owned several decades ago. Second, the portion of the Kentucky judgment which the plaintiff seeks to enforce does not give her an interest in "marital property." Rather, it directs the parties to restore property each obtained from the other during the marriage. In other words, if the defendant had something which belonged to the plaintiff, he was ordered to return it to her and vice versa. The portion of the judgment in question does not refer to jointly owned marital property.
>
> If the plaintiff claims she is the joint owner of property with the defendant or the sole owner of property the defendant has refused to restore to her, then presumably she has title to that property and can rely upon that title. If necessary, she may rely upon judicial process to restore her to possession of property she owns. But, she has not alleged that she is the owner of any such property. If the plaintiff seeks to void the Kentucky judgment on grounds of fraud, then it is doubtful whether Tennessee courts have jurisdiction over that claim. Presumably, she would have to raise that issue in the Kentucky court unless some effort was made by the defendant to enforce the judgment in Tennessee, in which case she could assert lack of Kentucky jurisdiction as a defense to a claim by the defendant. But, the defendant is asserting no such claim.
>
> The summary judgment motion is grounded upon the statute of limitations and the doctrine of estoppel. This Court cannot determine whether those defenses apply because the complaint does not even seem to state a cause of action. Accordingly, the complaint is dismissed.

A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears that no set of facts can be proved in support of the plaintiff's allegations that would entitle her to relief. *See Bellar v. Baptist Hospital, Inc.,* 559 S.W.2d 788 (Tenn.1978).

In the case before us, plaintiff attempts to enforce provisions of the Kentucky decree, but does not describe any specific property owned by her that is being withheld. By virtue of the Kentucky decree, she seeks an award of property from the defendant when the Kentucky decree makes no such provision. We agree with the chancellor that the complaint fails to state a claim upon which relief can be granted. Furthermore, defendants' answer to interrogatories propounded by plaintiff states that there was no real property owned by the plaintiff and the defendant, Carlyle Hall, in the years 1954 and 1955, and that they have no knowledge of

personal property owned at that time. Plaintiff has not filed a countervailing affidavit refuting these sworn statements of the defendants. Summary judgment is to be rendered by a trial court only when it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn.R.Civ.P. 56.03. In ruling on a motion for summary judgment, the trial court and the Court of Appeals must consider the matter in the same manner as a motion for a directed verdict made at the close of the plaintiff's proof, i.e., all the evidence must be viewed in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. It is only when there is no disputed issue of material fact that a summary judgment should be granted by the trial court and sustained by the Court of Appeals. *Graves v. Anchor Wire Corp. of Tennessee*, 692 S.W.2d 420 (Tenn.App.1985); *Bennett v. Mid–South Terminals Corp.*, 660 S.W.2d 799 (Tenn.App.1983).

Plaintiff, when confronted with defendants' denial regarding property ownership, was required to come forward and introduce competent and material evidence demonstrating that there was a genuine issue of material fact in this regard. *See Knapp v. Holiday Inns, Inc.*, 682 S.W.2d 936 (Tenn.App.1984); *Price v. Mercury Supply Company, Inc.*, 682 S.W.2d 924 (Tenn.App. 1984). Therefore, even if there is any conceivable way that plaintiff's complaint states a cause of action, summary judgment should have been granted for defendant.

Accordingly, the order of the trial court dismissing plaintiff's complaint is affirmed, and costs are assessed against the appellant. This case is remanded to the trial court for such further proceedings as may be necessary.

TOMLIN, P.J., (W.S.), and HIGHERS, J., concur.